ELECTRONICALLY FILED
Phillips County Circuit Court
Tamekia L. Franklin, Circuit Clerk
2023-Jan-09  14:10:27
54CV-23-6
C01D01 : 30 Pages

## IN THE CIRCUIT COURT OF PHILLIPS COUNTY
## STATE OF ARKANSAS

STATE FARM FIRE AND CASUALTY                                    PLAINTIFF
COMPANY,

vs.                    Case No.                    JURY TRIAL DEMANDED

WALMART, INC.,                                                  DEFENDANT

### COMPLAINT

Plaintiff, State Farm Fire and Casualty Company, for its cause of action against the

Defendant, Walmart, Inc., alleges and states as follows:

### Parties

1.      The Plaintiff, State Farm Fire and Casualty Company (hereafter "State

Farm"), is a registered and licensed insurance company domiciled and headquartered in the

State of Illinois, that conducts business in the State of Arkansas, and is in good standing

with the Arkansas Secretary of State.

2.      Defendant, Walmart, Inc. (hereafter "Walmart"), is a foreign corporation

incorporated in the State of Delaware, with its principal place of business located in Benton

County, State of Arkansas.

### Jurisdiction and Venue

3.      This civil action is a property damage lawsuit brought under the theories of

product liability, breach of implied warranty of merchantability, and breach of express

warranty.

**EXHIBIT
A**

4.     This Court has jurisdiction over the subject matter, and venue is proper in Phillips County because all or a substantial part of the events or omissions giving rise to this cause of action occurred in Phillips County, State of Arkansas.

## General Facts

5.     This case arises from a fire that occurred on November 26, 2020, at the home of Daphne Rayford, located at 602 N. Ridge Drive, West Helena, Arkansas 72390 (hereafter referred to as the "fire").

6.     Approximately one year before the subject fire, Daphne Rayford purchased a portable battery pack (identified as a BlackWeb 20100 MAH, Model BWC18W1101) (hereafter referred to as the "battery pack") from a Walmart store located in West Helena, Arkansas.

7.     On November 26, 2020, Ms. Rayford was in her bedroom lying on her bed, along with a cell phone and the subject battery pack, when she awoke to find the battery pack was sizzling. A few seconds later, Ms. Rayford observed flames coming from the battery pack, which subsequently spread to the bed.

8.     The fire caused $124,272.76 in damage. (See Summary of Damages, attached as **Exhibit A**.)

9.     An investigation into the fire's origin and cause determined the fire originated from inside the portable battery pack, and that the probable cause of the fire was a failure of one of the battery pack's lithium-ion batteries. (See engineering report dated March 5, 2021, prepared by Tony Bishop, PE, attached as **Exhibit B**.)

## COUNT I

## <u>STRICT LIABILITY/PRODUCT LIABILITY</u>

Plaintiff realleges and restates the allegations set forth in paragraphs 1 through 9, and further alleges and states as follows:

10.     The Defendant, Walmart, designed the battery pack, manufactured the battery pack, and/or placed the battery pack into the stream of commerce.

11.     The battery pack was defective upon leaving the control of Defendant, Walmart.

12.     The defect in the battery pack rendered the battery pack unreasonably dangerous.

13.     The Plaintiff's insured, Daphne Rayford, was a reasonably anticipated consumer of the battery pack.

14.     The defect in the battery pack was the direct and proximate cause of the fire and subsequent property damage.

15.     At the time of the fire giving rise to this cause of action, the home of Daphne Rayford was insured by Plaintiff, State Farm, pursuant to a homeowner's policy of insurance.

16.     As a direct and proximate result of the defect in the battery pack, Plaintiff, State Farm, made payments to indemnify Ms. Rayford for property damage caused by the fire, rendering her whole, and became subrogated to its insured's right of recovery to the extent of those payments, which Plaintiff now seeks to recover. (See Made Whole Agreement executed by Daphne Rayford, attached as **Exhibit C**.)

## COUNT II

## Breached of Implied Warranty of Merchantability

The Plaintiff realleges and restates the allegations set forth in paragraphs 1 through 16, and further alleges and states as follows:

17.    The Defendant, Walmart, breached the implied warranty of merchantability to Ms. Rayford, who was a reasonably anticipated consumer of the subject battery pack.

18.    The subject battery pack was not fit for the ordinary purpose for which it was used because the battery pack did not conform to ordinary standard of care and workmanlike construction, and was not of average grade, quality, and value of similar portable battery packs sold under similar circumstances. Specifically, the subject battery pack contained lithium-ion batteries that failed and caught fire because the batteries did not conform to ordinary standards of care and workmanlike construction, and were not of average grade, quality, and value of similar battery packs sold under similar circumstances.

19.    As a direct and proximate result of the subject battery pack's unfitness, a fire occurred at the home of Daphne Rayford, which caused damage to Ms. Rayford's real and personal property.

20.    At the time of the fire giving rise to this cause of action, the home of Daphne Rayford was insured by Plaintiff, State Farm, pursuant to a homeowner's policy of insurance.

21.    As a direct and proximate result of the Defendant's breach of its implied warranty of merchantability, Plaintiff, State Farm, made payments to indemnify Ms. Rayford for property damage caused by the fire, rendering her whole, and became

subrogated to its insured's right of recovery to the extent of those payments. which Plaintiff now seeks to recover. (See Made Whole Agreement executed by Daphne Rayford. attached as **Exhibit C**.)

## COUNT III

### Breach of Express Warranty

The Plaintiff realleges and restates the allegations set forth in paragraphs 1 through 21. and further alleges and states as follows:

22.    The Defendant. Walmart. breached one or more express warranties made to Ms. Rayford. including. but not limited to. the Defendant's manufacturer's warranty.

23.    As a direct and proximate result of the Defendant's breach of its express warranty. Daphne Rayford sustained damage to her real and personal property.

24.    At the time of the fire giving rise to this cause of action. the home of Daphne Rayford was insured by Plaintiff. State Farm. pursuant to a homeowner's policy of insurance.

25.    As a direct and proximate result of the Defendant's breach of its express warranty of merchantability. Plaintiff. State Farm. made payments to indemnify Ms. Rayford for property damage caused by the fire. rendering her whole. and became subrogated to its insured's right of recovery to the extent of those payments. which Plaintiff now seeks to recover. (See Made Whole Agreement executed by Daphne Rayford. attached as **Exhibit C**.)

WHEREFORE. Plaintiff. State Farm Fire and Casualty Company. prays for judgment over and against the Defendant. Walmart. Inc.. for actual damages in the amount

of $124.272.76. together with attorney fees. costs. interest. and any such other relief as this

Court may deem just and proper.

Respectfully submitted.

CATHCART & DOOLEY

Jarrett A. Wilson. Arkansas Bar No. 2013069
2807 North Classen Boulevard
Oklahoma City. Oklahoma 73106-5443
Phone: 405/524-1110; Fax: 405/524-4143
jwilson@cathcartdooley.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

*State Farm Fire and Casualty Company v.*
*Walmart, Inc.*

Summary of Damages

**602 N Ridge Drive**
**West Helena, AR 72390**                                          **ACV**

Structure

| | | |
|---|---|---|
| 1. | Servpro: Water and Smoke Mitigation | $20,419.69 |
| 2. | Servpro: Structure Repair | $51,450.46 |
| 3. | ADT Alarm System Replace | $1,996.00 |

Contents

| | | |
|---|---|---|
| 4. | CRDN: Cleaning of Art Work | $6,772.07 |
| 5. | CRDN: Cleaning of Textiles | $10,386.58 |
| 6. | CRDN: Cleaning of Electronics | $3,780.87 |
| 7. | Servpro: Contents Cleaning | $11,821.46 |
| 8. | Contents – Replacement | $5,969.05 |

Additional Living Expenses

| | | |
|---|---|---|
| 9. | Hotel: 11/26/20 – 12/12/20 | $1,395.20 |
| 10. | Hotel: 12/12/20 – 1/1/21 | $1,691.12 |
| 11. | Temporary Housing: January 2021 – September 2021 | $8,250.00 |
| 12. | Air BnB Utilities | $340.26 |

**TOTAL CLAIM**                                          **$124,272.76**



EXHIBIT
**A**



2847 Laverne Rd.
Nesbit, MS 38651
tony@bforensiceng.com

# PRIVILEGED AND CONFIDENTIAL
## ENGINEERING REPORT

### March 5, 2021

| | |
|---|---|
| Prepared for: | State Farm Insurance |
| Attention: | Mr. Marco Smith |
| Insured: | Rayford, Daphne |
| Loss Location: | 602 N. Ridge Dr. W. Helena, AR |
| Date of loss: | November 26, 2020 |
| Claim Number: | 04-14B2-37W |
| BFE File Number: | 2205 |

I hereby certify that this engineering document was prepared by me and that I am a duly Licensed Professional Engineer under the laws of Arkansas. This seal covers pages one through ending of this document.

*Tony Bishop*
Tony Bishop, PE, Senior Electrical Engineer

Date: 03/05/2021    License No. 12679
My License Expires: December 31, 2021





This report is furnished as privileged and confidential to addressee. Release to any other parties is the sole responsibility of the addressee.

**EXHIBIT**
# B

File:  2205 Rayford, Daphne                    (2)                                        March 4, 2021

## ASSIGNMENT

The services of an electrical engineer were requested to conduct a laboratory examination of artifacts retained from the referenced fire scene. Mr. Tony Bishop, P.E., Senior Electrical Engineer with Bishop Forensic Engineering, LLC received the assignment on 02/10/2021.

## INVESTIGATION / BACKGROUND

Mr. Rick Eley, Fire investigator, with Investigative Services, conducted the origin and cause investigation for State Farm. Mr. Eley retained the following from the scene: a Samsung cell phone, a USB charger cable, the remains of a portable battery power bank, and a heating pad.  The artifacts were transferred to Mr. Bishop for laboratory examination on February 10, 2021.

Mr. Bishop conducted a non-destructive engineering laboratory examination on February 19, 2021. The artifacts were placed in secure storage at Bishop Forensic Engineering, LLC in Hernando, MS at the conclusion of the examination.

Mr. Eley reported that the homeowner was in her bedroom when the fire occurred.  A fire was observed on her bed where a Samsung cell phone and a portable battery power bank were located.  The cell phone was a Samsung Galaxy S20 Ultra 5G from AT&T. The portable battery was a BlackWeb 20100 MAH, model BWC18WI101 from Walmart Inc.  The heating pad was a Pure model PM10.

Selected photographs of the examination are included in Exhibit #1.  Photographs taken during the examination, which were not included in this report, are retained in our files and are available upon request.

Material and information relied upon in preparation of this report includes the following:

1.  Personal examination of the evidence
2.  Facts and findings provided by Mr. Rick Eley
3.  CPSC Recall Database
4.  Information from Wallmart.com
5.  NFPA 921 and reference material
6.  Personal knowledge and experience

## EXHIBITS

1.  Thirty-five photographs with captions

File: 2205 Rayford, Daphne                    (3)                    March 4, 2021

## OBSERVATIONS

A USB cord was examined. The cord was partially fire damaged with areas of exposed conductors where the insulation had burned away. There was nothing else remarkable about the USB cable.

The Samsung cell phone was examined visually and with x-ray imaging. The top and sides of the phone were thermally damaged. The back of the phone was adhered to bedding material. X-ray images revealed that the battery and other internal components were intact. There was no evidence of electrical activity or failure in the cell phone and it was ruled out as an ignition source for the fire.

The heating pad was intact except for fire damage to a small portion of the pad and fire damage to a section of the power cord. The heating element resistance was tested and had a nominal resistance value for the 85-Watt rating of the heating pad. The power cord was mechanically severed in the fire damaged portion and had no evidence of electrical activity. The controller had light external heat damage. X-ray imaging revealed that the controller's internal components were intact. There was no evidence of electrical activity or failure in the heating pad and it was ruled out as an ignition source for the fire.

Six 18650 lithium-ion battery cells and a partially rolled foil from one of the cells were examined. The cell phone and the portable battery were the only electrical devices on the bed. There were no other electrical devices in the origin area and the battery cells were determined to be from the portable battery. X-ray imaging and visual examination revealed that one cell had significantly more foil loss than the other cells. A battery foil that had been ejected from a canister was examined and determined to be from that cell. Thermal damage and mass loss were noted on one end of the foil. There were no other components remaining of the portable battery.

There were no recalls listed for the Samsung cell phone, the BlackWeb Portable Battery, or the Pure Heating Pad.

## ANALYSIS

The electrical utilization devices retained from the fire scene were a heating pad, a cell phone, and a portable battery. There was no evidence of electrical activity or failure in the heating pad or the cell phone; therefore, these two items were ruled out as an ignition source for the fire.

Four of the battery cells from the BlackWeb portable battery exhibited evidence of overpressure that resulted in the battery cap dislodging from the cell and a foil roll from one of the cells had ejected from the cannister. The portable battery was the one

**File: 2205 Rayford, Daphne**                     (4)                     **March 4, 2021**

remaining electrical ignition source that could not be eliminated.   All other ignition sources being excluded, a lithium-ion battery failure in the BlackWeb portable battery is the most likely cause of the fire.

The evidence will continue to be held in secure storage pending a joint examination of the evidence with the manufacturer's representatives if needed.

## CONCLUSIONS

Based on information available at this time, it is my professional opinion that:

1)  The Pure heating pad and the Samsung Galaxy S20 cell phone did not serve as the ignition source for the fire.

2)  A lithium-ion battery failure in the BlackWeb portable battery is the most likely cause of the fire.  A potentially destructive joint examination with the manufacturer is recommended.

## COMMENTS

These conclusions may be reconsidered and revised if new evidence or information becomes available that merits such consideration.  The requested scope of inquiry has been completed with the submittal of this report.  All opinions rendered herein are based upon a reasonable degree of engineering certainty.

<<< End of Report Text >>>

# Bishop Forensic Engineering, LLC



Photo 1   P2190138

Items presented for laboratory examination. The
Ziploc bag contained the cell phone, USB cord, debris,
and the portable battery



Photo 2   P2190140

Cell phone  USB cord  and Portable Battery remains

File 2205 Rayford  Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 3  P2190143

USB cord



Photo 4  usb cord

X-ray image of the USB cord

File 2205 Rayford  Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



**Photo 5   P3040002**

Front and side view of the Samsung cell phone.



**Photo 6   P3040004**

Rear and opposite side view of the Samsung cell phone.

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 7   P3040006

Bedding material adhered to the back of the cell phone.



Photo 8   P3040007

End view of the cell phone.

File 2205 Rayford, Daphne                Exhibit #1

# Bishop Forensic Engineering, LLC



**Photo 9   P3040008**

Opposite end view of the cell phone



**Photo 10   cell phone**

X-ray image of the Samsung cell phone

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 11   P2190166

Box for the Samsung cell phone.



Photo 12   P2190167

Label on the end of the Samsung cell phone box.

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 13   P2190180

Heating pad.



Photo 14   P2190183

Heating pad manufacturer label. It was a Pore model
PM10.

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 15  P2190188

Heating pad controller.



Photo 16  P2190191

Back of the heating pad controller.  It was Model CM15.

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



**Photo 17   heating pad controller**

X-ray image of the heating pad controller



**Photo 18   P2190197**

Mechanically severed and fire damaged portion of the
power cord to the controller

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 19  P2190198

Mechanically severed end of the power cord extending from the heating pad controller.



Photo 20  P2190199

Plug end of the heating pad controller power cord.

File 2205 Rayford, Daphne              Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 21   P2190200

Mechanically severed end of the plug end of the
heating pad power cord.



Photo 22   pad cord stitched

Composite x-ray image of
the heating pad's power
cord.

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



**Photo 23   P2190148**

Six 18650 lithium ion battery cells from the portable
battery that was on the bed at the time of the fire.



**Photo 24   18650-2**

X-ray image of the lithium ion battery cells

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 25   P2190149

End of the battery canisters for the first set of three
battery cells.



Photo 26   P2190150

Cap end of the battery canisters for the first set of three
battery cells.

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 27   P2190151

End of the battery canisters for the second set of three
battery cells.



Photo 28   P2190152

Cap end of the battery canisters for the second set of
three battery cells.

File 2205 Rayford, Daphne                Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 29   P2190159

View inside the 18650 canister with the most apparent foil loss.



Photo 30   P2190144

18650 battery cell foil that was ejected from a battery.

File 2205 Rayford, Daphne               Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 31    18650 foil

X-ray image of the ejected foil.



Photo 32    P2190189

Front of the box for the portable battey

File 2205 Rayford, Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



Photo 33   P2190172

Back of the box for the portable battery



Photo 34   P2190162

Debris from the evidence bag

File 2205 Rayford  Daphne                    Exhibit #1

# Bishop Forensic Engineering, LLC



**Photo 35   charger and phone debris-1**

X-ray image of the debris from the evidence bag.

File 2205 Rayford. Daphne                    Exhibit #1

## MADE WHOLE AGREEMENT

I, Daphne Rayford, hereby state that my home, located at 602 N. Ridge Dr., West Helena, Arkansas 72390, suffered fire damage on November 26, 2020. As a result of the fire loss, I filed a claim with State Farm Fire and Casualty Company, my insurance carrier, which resulted in claim: 04-14B2-37W. As a result of the subject fire and resulting claim, State Farm Fire and Casualty Company paid a total of $123,272.76, and I suffered an uninsured loss of $1,000.00, for my deductible.

I understand that State Farm Fire and Casualty Company is seeking to file a subrogation lawsuit against the responsible party(ies), in order to recover $123,272.76, in insurance benefits that it paid to me or on my behalf on claim: 04-14B2-37W.

Accordingly, I agree to the following terms:

1. I do not wish to be a named Plaintiff in any lawsuit filed by State Farm Fire and Casualty Company.

2. I understand that State Farm Fire and Casualty Company has retained Cathcart & Dooley PC to pursue the recovery of its property damage subrogation interest in relation to the above-referenced claim, and that Cathcart & Dooley PC does not represent me in relation to any uninsured claim or any other claim, such as bodily injury or lost wages.

3. Nonetheless, if State Farm recovers $1,000.00 or more of its property damage subrogation interest, State Farm will reimburse me for my uninsured claim in the amount of $1,000.00. However, if State Farm recovers a portion of its property damage subrogation interest in an amount that is less than my $1,000.00 uninsured loss, I will accept that lesser amount, even if it is $0.00 dollars, as reimbursement of my uninsured claim, rendering me whole.

4. I further authorize State Farm Fire and Casualty Company to handle all litigation matters, including full authority to enter into any settlements. I further agree to cooperate and assist in any litigation matters, as may be reasonable and necessary.

I have been made whole by this agreement.

Signed this 28th day of September, 2022.
(Month)

Daphne Rayford

EXHIBIT
C